**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATHANIEL WALLACE, | Case No. 1:14-cv-00058-SKO-HC |
|        Petitioner, | ORDER DISMISSING PETITIONER'S STATE LAW CLAIMS WITHOUT LEAVE TO AMEND AND DISMISSING THE REMAINDER OF THE PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION NO LATER THAN THIRTY DAYS AFTER THE DATE OF SERVICE OF THIS ORDER (DOC. 1) |
|    v. | |
| BOARD OF PRISON HEARINGS, | ORDER DIRECTING THE CLERK TO SEND TO PETITIONER WITH THIS ORDER A FORM PETITION PURSUANT TO 28 U.S.C. § 2254 |
|        Respondent. | **FILING DEADLINE:** <br> **THIRTY (30) DAYS** |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in a document signed by Petitioner and filed by Petitioner on January 29, 2014. Pending before the Court is the petition, which was filed on

1

December 23, 2013, and transferred to this Court on January 15, 2014.

I.   Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks v. Vasquez, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  A petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for

1  relief can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>,

2  440 F.2d 13, 14 (9th Cir. 1971).

3      II.  <u>Failure to Allege Facts Warranting Habeas Relief</u>

4      Petitioner alleges that he is an inmate of the Kern Valley

5  State Prison, which is located within the territorial boundaries of

6  this district.  Although Petitioner's claims are unclear, it appears

7  that Petitioner challenges neither his sentence, nor the calculation

8  of his sentence.  However, Petitioner does not identify the state

9  court in which he was convicted or his offense of conviction.

10     Petitioner alleges he had an original commitment of July 27,

11  1990, and received an additional commitment on August 31, 1990.

12  Petitioner does not allege any further facts concerning these

13  commitments.  He alleges that on September 25, 1990, Respondent

14  Board of Prison Hearings extended his term secretly and changed it

15  from determinate to indeterminate in violation of Cal. Pen. Code §

16  654; this concerns not conduct by prison authorities, but rather

17  dual use of facts in sentencing.  Petitioner states that the

18  additional commitment was thus really a constitutionally defective

19  prior conviction.  Petitioner alleges generally, without stating any

20  supporting facts, that he suffered a violation of his rights to due

21  process and equal protection of the laws.

22     Because the petition was filed after April 24, 1996, the

23  effective date of the Antiterrorism and Effective Death Penalty Act

24  of 1996 (AEDPA), the AEDPA applies to the petition.  <u>Lindh v.</u>

25  <u>Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484,

26  1499 (9th Cir. 1997).

27     A district court may entertain a petition for a writ of habeas

28  corpus by a person in custody pursuant to the judgment of a state

3

court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).  The notice pleading standard applicable in ordinary civil proceedings does not apply in habeas corpus cases.  Habeas Rules 2(c), 4, and 5(b) require a more detailed statement of all grounds for relief and the facts supporting each ground, and the petition is expected to state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim.  Habeas Rule 4, Advisory Committee Notes, 1976 Adoption; <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005); <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n.7 (1977)).  The purpose of the rules is to assist the district court in determining whether the respondent should be ordered to show cause why the writ should not be granted and to permit the filing of an answer that satisfies the requirement that it address the allegations in the petition.  <u>Mayle v. Felix</u>, 545 U.S. at 655.  Allegations in a petition that are vague, conclusional, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal.  <u>Jones v. Gomez</u>, 66 F.3d 199, 204-05 (9th Cir. 1995); <u>James v. Borg</u>, 24 F.3d 20, 26 (9th Cir. 1994).

Here, Petitioner concludes that he suffered equal protection and due process allegations, but he fails to allege any specific facts in support of his claims.  Petitioner also fails to allege facts that would enable this Court to determine the appropriate venue of this action.  Pursuant to 28 U.S.C. § 2241(d), a state

4

prisoner seeking relief pursuant to § 2254 may proceed in either the district of conviction or the district of confinement.  However, petitions challenging a conviction preferably are heard in the district of conviction, Laue v. Nelson, 279 F.Supp. 265, 266 (N.D.Cal. 1968); petitions challenging execution of sentence are preferably heard in the district where the inmate is confined, Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).  Traditional considerations of venue, such as the convenience of parties and witnesses and the interests of justice are also considered.  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973).

Here, the uncertainty of Petitioner's claims and his failure to identify the court in which he suffered conviction of the commitment offenses has prevented the Court from determining the correct venue for this action.  Petitioner will be given an opportunity to inform the Court fully of his claims and to identify the court of conviction in an amended petition.

Because Petitioner has failed to include any statement of supporting facts with respect to his claim or claims, the claims must be dismissed.  However, it is possible that Petitioner could state facts supporting his claims.  Accordingly, with the exception of the state claims discussed below, Petitioner's claims will be dismissed as uncertain, but Petitioner will be given leave to file an amended petition with respect to the claims.

III.   State Claims

Federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States.  28 U.S.C. § 2254(a).  Federal

5

habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002). The Court accepts a state court's interpretation of state law. Langford v. Day, 110 F.3d at 1389. In a habeas corpus proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless the interpretation is deemed untenable or a veiled attempt to avoid review of federal questions. Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir. 2001). Here, there is no indication that any state court's interpretation of state law was associated with an attempt to avoid review of federal questions. Thus, this Court is bound by the state court's interpretation and application of state law, including any interpretation or application or Cal. Pen. Code § 654.

Insofar as Petitioner rests his claim or claims solely on state law, including Cal. Pen. Code § 654, he fails to state facts that would entitle him to relief in a proceeding pursuant to 28 U.S.C. § 2254. Thus, Petitioner's claim or claims based on an application or interpretation of California law must be dismissed because they are not cognizable in a § 2254 proceeding.

Further, because Petitioner's state claims are defective not because of any dearth of factual allegations, but rather because of their nature as being based solely on state law, Petitioner could not state tenable state law claims even if leave to amend were

granted.  Thus, Petitioner's state law claims will be dismissed without leave to amend.

IV.   <u>Naming a Proper Respondent</u>

Petitioner named as Respondent the Board of Prison Hearings. (Pet., doc. 1, 1.)  Petitioner is incarcerated at the Kern Valley State Prison located at Delano, California.  The official website of the California Department of Corrections and Rehabilitation (CDCR) reflects that the warden at that facility is Martin Biter.[1]

A petitioner who is seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Habeas Rule 2(a); <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  The person having custody of an incarcerated petitioner is generally the warden of the prison where the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and can produce the petitioner.  <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see</u> <u>also</u>, <u>Stanley v. California Supreme Court</u>, 21 F.3d at 360.  However, the chief officer in charge of state penal institutions, such as the Secretary of the CDCR, is also appropriate.  <u>Ortiz-Sandoval</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360.

Petitioner's failure to name a proper respondent may require dismissal of his habeas petition for a failure to name a person who

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official websites.  Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Daniels-Hall v. National Education Association</u>, 629 F.3d 992, 999 (9th Cir. 2010). The address of the official website for the CDCR is http://www.cdcr.ca.gov.

can produce the petitioner in response to an order of the Court and thereby to secure personal jurisdiction.  See, Smith v. Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004).  This Court must ask sua sponte whether the respondent who is named has the power to order the petitioner's release.  If not, the Court may not grant effective relief, and thus it should not hear the case unless the petition is amended to name a respondent who can grant the desired relief.  Id. The Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility.  See, In re Morris, 363 F.3d 891, 893-94 (9th Cir. 2004).

V.   Amendment of the Petition

As discussed above, the petition must be dismissed.  Petitioner will be given leave to file a first amended petition to cure the deficiencies, and specifically to state and document facts in support of his uncertain claim or claims.  Petitioner is advised that failure to file a petition in compliance with this order (i.e., a completed petition form with cognizable federal claims clearly stated) within the allotted time will result in dismissal of the petition and termination of the action.  Petitioner is advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action.  Petitioner is further informed that pursuant to Local Rule 220, unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.  The Clerk will be

8

1  directed to send to Petitioner a blank form petition for a

2  proceeding pursuant to § 2254.

3      VI.   Disposition

4      Accordingly, it is ORDERED that:

5      1) Petitioner's state law claim or claims are DISMISSED without

6  leave to amend;

7      2) The remaining petition for writ of habeas corpus is

8  DISMISSED with leave to amend;

9      3) Petitioner is GRANTED thirty (30) days from the date of

10 service of this order to file an amended petition in compliance with

11 this order; and

12     4) The Clerk of the Court is DIRECTED to send Petitioner a form

13 petition pursuant to 28 U.S.C. § 2254.

14

15

16 IT IS SO ORDERED.

17     Dated:   **February 27, 2014**           **/s/ Sheila K. Oberto**

18                                    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28