# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL WALLACE,<br><br>        Petitioner,<br><br>   v.<br><br>BOARD OF PRISON HEARINGS,<br><br>        Respondent. | Case No. 1:14-cv-00058-SKO-HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS (DOC. 1) FOR PETITIONER'S FAILURE TO COMPLY WITH AN ORDER OF THE COURT<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DIRECTING THE CLERK TO CLOSE THE CASE |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in a document signed by Petitioner and filed by Petitioner on January 29, 2014. Pending before the Court is the petition, which was filed on December 23, 2013, and transferred to this Court on January 15, 2014. Also pending before the Court is the Court's order of February 27, 2014, in which the Court dismissed Petitioner's state

law claims without leave to amend and granted Petitioner thirty days in which to file a first amended petition.  On the same date that the order was filed, it was served by mail on Petitioner at the address listed on the docket.  Although approximately three months have passed since the Court's order was served on Petitioner, Petitioner has not filed a first amended petition or otherwise responded to the order.

I.   Dismissal for Failure to Follow a Court Order

Local Rule 110 provides:

> Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate... dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.

1 1986) (dismissal for lack of prosecution and failure to comply with
2 local rules).
3     Petitioner has failed to respond to the Court's order for about
4 three months.  In determining whether to dismiss an action for lack
5 of prosecution, failure to obey a court order, or failure to comply
6 with local rules, the Court must consider several factors: (1) the
7 public's interest in expeditious resolution of litigation; (2) the
8 Court's need to manage its docket; (3) the risk of prejudice to the
9 respondents; (4) the public policy favoring disposition of cases on
10 their merits; and (5) the availability of less drastic alternatives.
11 Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone,
12 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at
13 53.
14     Here, because the petition has been pending for a lengthy
15 period, the Court finds that the public's interest in expeditiously
16 resolving this litigation and the Court's interest in managing the
17 docket weigh in favor of dismissal.  The third factor, risk of
18 prejudice to respondents, also weighs in favor of dismissal, since a
19 presumption of injury arises from the occurrence of unreasonable
20 delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522,
21 524 (9th Cir. 1976).  The fourth factor -- public policy favoring
22 disposition of cases on their merits -- is greatly outweighed by the
23 factors in favor of dismissal discussed herein.  Finally, the Court
24 has reviewed the "consideration of alternatives" requirement.  See,
25 Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33;
26 Henderson, 779 F.2d at 1424.  The Court's order dated February 27,
27 2014, expressly stated that the petition would be dismissed and the
28

3

action would be terminated if Petitioner failed to respond to the order within thirty days. (Doc. 11, 8.)

The Court concludes that dismissal is appropriate.

II. <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. <u>Id.</u> An applicant must show more than an absence

4

of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. The Court will, therefore, decline to issue a certificate of appealability.

III. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED for Petitioner's failure to comply with an order of the Court; and

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close the action.


IT IS SO ORDERED.

Dated:   **May 22, 2014**                              **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE

5